**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CIRCUIT CITY STORES, INC., a
Virginia corporation,
            *Petitioner-Appellee,*

            v.

PAUL MANTOR, an individual,
            *Respondent-Appellant.*

No. 04-55912

D.C. No.
CV-01-10115-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 21, 2005*
Pasadena, California

Filed August 3, 2005

Before: Harry Pregerson and Sidney R. Thomas,
Circuit Judges, and Louis F. Oberdorfer,** District Judge.

Opinion by Judge Pregerson

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. Civ. P. 34(a)(2).

**Honorable Louis F. Oberdorfer, Senior United States District Judge
for the District of Columbia, sitting by designation.

## COUNSEL

Michael H. Crosby, San Diego, California, for the respondent-appellant.

Rex Darrell Berry and Scott M. Plamondon, Berry & Block, Sacramento, California, for the petitioner-appellee.

## OPINION

PREGERSON, Circuit Judge:

Before us is a second appeal in this matter. In our earlier appeal, we reversed the district court's order compelling arbitration and held that the arbitration agreement at issue was unenforceable under California law.

Currently, Respondent-Appellant Paul Mantor ("Mantor") appeals the district court's second order granting Petitioner-Appellee Circuit City's "renewed petition to compel arbitration." The district court again ordered that the dispute be resolved by arbitration and once again dismissed the action.

We have jurisdiction because the district court's second order was a final decision with respect to arbitration within the meaning of 9 U.S.C. § 16(a)(3). *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86-87 (2000). We reverse.

## I. BACKGROUND

Mantor began working for Circuit City in August 1992. When Mantor was first hired, Circuit City did not have an employee arbitration program. But in 1995, Circuit City established and implemented an arbitration program called the "Associate Issue Resolution Program" ("AIRP"). Circuit City's managers were told it was important that its employees fully participate in the AIRP because the company had been losing money on account of lawsuits filed by employees.

Although in 1995 Circuit City circulated forms regarding employee participation in the AIRP, Mantor avoided signing the form or openly refused to participate in the AIRP for three years. In 1998, a District Manager and a Personnel Manager for Northern California arranged a meeting with Mantor to discuss his participation in the AIRP. During this meeting, Mantor asked the managers what would happen should he decline to participate in the arbitration program. In essence, the managers told him that he would have no future with Circuit City. On September 13, 1998, Mantor signed the AIRP form, acknowledging in writing his receipt of (1) an "Associate Issue Resolution Handbook," (2) the "Circuit City Dispute Resolution Rules and Procedures," and (3) a "Circuit City Arbitration Opt-Out Form."

This lawsuit got started on October 10, 2001, when Mantor filed a complaint in California state court against Circuit City alleging various employment-related claims arising from the termination of his employment. A week later, Mantor submitted a courtesy copy of the state court complaint, a Circuit City Arbitration Request Form, and a cashier's check for $75.00 to Circuit City's Arbitration Coordinator. The Arbitration Request Form and the $75.00 check were submitted to preserve Mantor's right to arbitrate should a court determine that his claims were subject to arbitration. But the form and cashier's check were rejected and returned by Circuit City because the form was incomplete. Mantor again submitted a completed form and the $75.00 check to preserve his right to arbitrate. This time, Mantor's form and cashier's check were again rejected because his attorney had redacted language on the form regarding arbitration.

On November 26, 2001, Circuit City filed a petition in the United States District Court for the Central District of California to compel Mantor to arbitrate his state court claims under 9 U.S.C. § 4 and to stay his pending state court action. The district court granted Circuit City's petition to compel arbitration on December 27, 2001.

Mantor appealed. On July 22, 2003, we reversed the district court's order compelling arbitration and held that the arbitration agreement at issue was unenforceable. *See Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1109 (9th Cir. 2003) ("*Mantor I*"). We found the arbitration agreement to be both procedurally and substantively unconscionable under California contract law and remanded the case to the district court with instructions to allow the civil action to continue in state court. *See id.* Our mandate issued on September 8, 2003, and Circuit City's petition for a writ of certiorari was denied by the Supreme Court on January 26, 2004. The district court regained jurisdiction over the case and filed and spread our mandate on February 9, 2004.

In the meantime, on September 30, 2003, we issued an en banc opinion in *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003) (en banc) ("*Luce, Forward*"). *Luce, Forward* held that the Civil Rights Act of 1991 did not preclude employers from requiring employees to arbitrate future Title VII claims as a condition of employment, explicitly overruling *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1998). *See Luce, Forward*, 345 F.3d at 745.

On February 5, 2004, approximately five months after *Luce, Forward* was decided, Circuit City filed in the district court a "renewed petition to compel arbitration." Circuit City argued that the *Luce, Forward* decision directly conflicted with and superseded our *Mantor I* decision. According to Circuit City, arbitration should have been compelled because under *Luce, Forward*, the Civil Rights Act of 1991 did not preclude employers from requiring employees to arbitrate future Title VII claims as a condition of employment. Thus, Circuit City asserted that *Luce, Forward* was an intervening change in Ninth Circuit law that undermined our *Mantor I* decision which involved the validity of arbitration agreements under California law.

On April 23, 2004, the district court granted Circuit City's "renewed petition to compel arbitration." Mantor filed a timely notice of appeal, and now challenges the district court's order granting Circuit City's "renewed petition."

## II.  DISCUSSION

### A.  Standard of Review

We review a district court's order compelling arbitration *de novo*. *See Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 n.2 (9th Cir. 2002).

### B. Motion for Reconsideration Under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure

Circuit City's submission of a "renewed petition to compel arbitration" was yet another attempt by Circuit City to move the case from district court to arbitration. There is no such animal as a "renewed petition to compel arbitration" in the Federal Rules of Civil Procedure, and Circuit City's novel motion does not clearly fit within the procedural mechanisms identified in the Rules. Nonetheless, how we classify Circuit City's petition is important because finality and judicial efficiency are jeopardized if Circuit City is permitted in the future to submit additional "renewed" petitions to compel arbitration. *Cf. United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985) (noting the strong policy in favor of finality).

**[1]** Circuit City claimed in its renewed petition to compel arbitration that *Luce, Forward* constituted intervening law that conflicted directly with and superceded our *Mantor I* decision. The only way Circuit City could have presented this argument to the district court would have been to file a motion for reconsideration under either Rule 59(e)[1] or Rule 60(b)[2] of the Federal Rules of Civil Procedure. Because we

---

[1]A motion to alter or amend a judgment under Rule 59(e) applies to "[a]ny motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[2]Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepre-

conclude that Circuit City's argument lacks merit, we need not examine whether Circuit City's renewed petition should have been brought under Rule 59(e) or Rule 60(b). *See, e.g., American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (noting that a motion for reconsideration "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.") (internal citation omitted).

### C. Our En Banc Decision in *Luce, Forward* Does Not Constitute an Intervening Change in Ninth Circuit Law

**[2]** The gist of Circuit City's argument is that *Luce, Forward* altered the landscape of *procedural* unconscionability in our Circuit. Thus, according to Circuit City, *Luce, Forward* implicitly undermined our decision in *Mantor I* that Circuit City's arbitration agreement was procedurally unconscionable under California law, and requires us to enforce Circuit City's compulsory arbitration agreement. We recently rejected this argument. *See Ingle v. Circuit City*, 408 F.3d 592, 595 (9th Cir. 2005) ("In sum, Circuit City's claim that *Luce Forward* somehow overruled or undermined *Ingle I* is not persuasive.").

## IV. CONCLUSION

**[3]** For the foregoing reasons, we **REVERSE** the district court's order granting Circuit City's "renewed petition to

---

sentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment . . . .

Fed. R. Civ. P. 60(b).

compel arbitration" and **REMAND** for entry of an order denying Circuit City's petition to compel arbitration, and permitting the civil action to continue in state court.