# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL A. ZAMANI, an
individual; NANCY MILLER-
WALLACE, formerly Nancy
Zamani, an individual,
        *Plaintiffs-Appellees,*

v.

H. GENE CARNES; PHILLIP CARNES;
JENNIFER CARNES; KATHRYN
SCHALLER; KEVIN SCHALLER,
individuals,
        *Defendants-Appellants.*

No. 04-17571

D.C. No.
CV-03-00852-RMW

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
January 10, 2007—San Francisco, California

Filed June 4, 2007

Before: Procter Hug, Jr. and William A. Fletcher,
Circuit Judges, and H. Russel Holland*, District Judge.

Opinion by Judge Holland

---

*The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

## COUNSEL

James R. Hales, Rowe & Hales, Minden, Nevada, for the appellants.

Michael A. Zamani, pro se, San Jose, California, argued on his own behalf. Timothy E. Herr, Herr & Zapala, San Jose, California, was on the brief for the appellees.

## OPINION

HOLLAND, District Judge:

Appellants H. Gene Carnes, Phillip Carnes, Jennifer Carnes, Kathryn Schaller, and Kevin Schaller ("the Carneses") appeal the district court's denial of their motion to strike and/or dismiss and their motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

In January 2000, the Carneses, who were residents of Nevada, commenced a declaratory judgment action against appellees, California residents Michael A. Zamani and Nancy Miller-Wallace, who was then married to Mr. Zamani and known as Nancy Zamani ("the Zamanis"). The Carneses prevailed in that action and a judgment for attorney fees and costs was entered against the Zamanis, which the Carneses filed with the Santa Clara County Recorder's Office. The Zamanis appealed but did not file a supersedeas bond, although there were some negotiations between the parties as to the proper amount of such a bond. While the declaratory

judgment action was still on appeal, the Carneses began to execute on the assets of the Zamanis. In December 2002, the Zamanis requested that the Carneses provide them with the correct amount still owing on the judgment so that they could close a third-party escrow. The Carneses advised the Zamanis that they would provide a recordable satisfaction of judgment if the Zamanis paid $99,123, which the Carneses claimed to be the balance due on the judgment, *and* deposited $56,359 in the district court's registry. This additional money was for attorney fees and costs in the event the Carneses prevailed on appeal. Later, the Carneses also requested that the Zamanis issue a general release of all claims as a condition of delivery of an acknowledgment of satisfaction of judgment. On January 23, 2003, the Zamanis wired $91,613.38 to the Carneses' attorney and demanded that the Carneses provide an acknowledgment of satisfaction of judgment, according to the procedures set forth in California Code of Civil Procedure section 724. On February 10, 2003, the Carneses filed a document with the district court titled "Full Satisfaction of Judgment." This document provided:

> Payment in full . . . under the final judgment entered on March 5, 2001, is hereby acknowledged, and satisfaction full and complete and acquittance in full, including interest, is hereby given, except as to costs and expenses on appeal, and such additional sums, if any, including attorney's fees on appeal, that may be awarded to [the Carneses].

On February 26, 2003, the Zamanis filed suit against the Carneses. In their first two causes of action, the Zamanis alleged that the Carneses violated California Code of Civil Procedure sections 724.050 and 724.070 because the satisfaction of judgment that the Carneses filed did not comply with statutory requirements, and they had imposed unlawful conditions on delivery of the acknowledgment of satisfaction. In their third cause of action, the Zamanis alleged that they had overpaid the judgment by $1,832.19. The Zamanis sought

general, economic, and exemplary damages in excess of $700,000.

The Carneses moved to strike the Zamanis' first two causes of action pursuant to California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, Cal. Civ. Proc. Code § 425.16, or in the alternative, to dismiss the first two causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). The Carneses contended that the Zamanis' first two causes of action should be stricken or dismissed because Federal Rule of Civil Procedure 60(b)(5), not state law, applies to satisfaction of federal judgments. The Carneses further contended that even if state law applied, sections 724.050 and 724.070 would not apply because those provisions only apply to judgments issued by state courts. The Carneses also moved to dismiss the third cause of action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that if the first two causes of action were stricken or dismissed, the amount in controversy as to the third claim would be insufficient to preserve diversity jurisdiction.

The district court denied the Carneses' motion to strike, concluding that California state law applies to satisfaction of judgments via Federal Rule of Civil Procedure 69(a). The district court rejected the Carneses' argument that Rule 60(b)(5) applies instead. Because the district court denied the motion to strike, it concluded that the Carneses' alternative Rule 12(b)(6) motion also failed. The district court also denied the Carneses' Rule 12(b)(1) motion because it denied the motion to strike and/or dismiss. In denying the Carneses' motion to strike and/or dismiss, the district court did not address an additional argument the Carneses had raised in their reply brief: namely that the Zamanis' claims were barred by the litigation privilege. The Carneses moved for reconsideration on this issue, but the district court denied the motion for reconsideration because the Carneses failed to raise their litigation privilege argument in their opening brief. This appeal followed.

## II.

"Although a district court's denial of a motion under Federal Rule of Civil Procedure 12(b)(6) is not ordinarily appealable," *Hydrick v. Hunter*, 466 F.3d 676, 686 (9th Cir. 2006), the denial of an anti-SLAPP motion is immediately appealable pursuant to the collateral order doctrine. *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). The denial of a motion for reconsideration is immediately appealable if the underlying order is immediately appealable. *See Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990). Because the district court's order denying the motion to strike, or in the alternative, to dismiss, is immediately appealable, so is the district court's order denying the motion for reconsideration.

We review the district court's denial of the anti-SLAPP motion and the motion to dismiss *de novo*. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We also review *de novo* the question of when state law applies to proceedings in federal court. *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1129 (9th Cir. 2004). Denial of a motion for reconsideration is reviewed for an abuse of discretion. *Sissoko v. Rocha*, 440 F.3d 1145, 1154 (9th Cir. 2006).

## III.

[1] We consider first the district court's denial of the anti-SLAPP motion. California's "anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry." *Vess*, 317 F.3d at 1110. "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.' " *Id.* (quoting *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1129 (N.D.

Cal. 1999)). "Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.' " *Id.*

No one disputes that the Carneses have made their prima facie showing. The dispute here focuses on the second part of the test: whether the Zamanis have demonstrated a likelihood of success on their state statutory claims, which are based on sections 724.050 and 724.070 of the California Code of Civil Procedure. Section 724 is part of California's Enforcement of Judgments Law ("EJL"). Section 724.050 provides that once a judgment has been satisfied, the judgment debtor may demand in writing that the judgment creditor "[f]ile an acknowledgment of satisfaction of judgment with the court," and/or "[e]xecute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the person who made the demand." If the judgment creditor fails to comply within 15 days of the demand, he is liable "for all damages sustained by reason of such failure" and a statutory penalty of $100. Cal. Civ. Proc. Code § 724.050(c), (e). Section 724.060 sets forth specific requirements for the form and content of an acknowledgment of satisfaction of judgment. Section 724.070(a) provides that if the judgment creditor imposes unlawful conditions on the delivery of an acknowledgment of satisfaction of judgment, "the judgment creditor is liable to the judgment debtor for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount."

**[2]** " '[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.' " *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Ctr. for Humanities, Inc.* 518 U.S. 415, 427 (1996)). The sections of the EJL at issue here, while providing procedures for an acknowledgment of satisfaction of judgment, also provide for money damages for failure to comply with the statutory procedures. Thus, they fall " 'within the

uncertain area between substance and procedure' " because they are " 'rationally capable of classification as either.' " *Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 831 (9th Cir. 2006) (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965)). When faced with a state law that may be classified as either substantive or procedural, the court must determine whether "there is an applicable federal rule of civil procedure." *Id.* If there is an applicable federal rule, "and if that rule is valid under the Rules Enabling Act, 28 U.S.C. § 2072, that rule should be applied." *Id.*

**[3]** The Carneses contend that Rule 60(b)(5) applies to the satisfaction of judgments and acknowledgment thereof. Rule 60(b)(5) provides that relief "from a final judgment, order, or proceeding" may be had if "the judgment has been satisfied, released, or discharged . . . ." The Carneses insist that Rule 60(b)(5), if read with Rule 83(b),[1] covers all issues relating to the satisfaction of judgments and gives the district court complete discretion in such matters. We are not convinced that Rule 60(b)(5) can be construed that broadly, even if we were to rely on Rule 83(b) to fill the gaps.

**[4]** The "satisfied, released, or discharged" clause of Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount. *See*, *e.g.*, *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542, 544 (9th Cir. 1991); *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 639-40 (6th Cir. 2000); *Newhouse v. McCormick & Co.*, 157 F.3d 582, 584 (8th Cir. 1998); *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 241 n.5 (4th Cir. 1980). Applying Rule 60(b)(5) in such situations comports with the plain language of the rule. Here, the Zamanis did not file suit in order to seek entry of satisfaction of judgment. The claim was not that the Carneses had failed to

---

[1] Rule 83(b) of the Federal Rules of Civil Procedure allows a judge to regulate the practice in his court when there is no other controlling law.

deliver an acknowledgment of satisfaction. Rather, the claim was that the Carneses had violated the Zamanis' rights under California law by delivering a *nonconforming* acknowledgment of satisfaction. Rule 60(b)(5) does not apply to such a situation.

**[5]** The district court concluded that the applicable federal rule was Rule 69(a), which provides, in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a). We have not previously held that Rule 69(a) applies to proceedings involving the acknowledgment of satisfaction of judgment. We have held that other provisions of the EJL apply, by virtue of Rule 69(a), to federal court judgments. *See*, *e.g.*, *Hilao v. Estate of Marcos*, 95 F.3d 848, 853-54 (9th Cir. 1996) (holding that provisions of EJL applied to the notice of levy on a deposit account). Because Rule 69(a) applies to "proceedings supplementary to and in aid of a judgment," the rule is broad enough to encompass a proceeding involving the acknowledgment of satisfaction of judgment. *See Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 873 (7th Cir. 1983) (Rule 69(a) requires application of state law to satisfaction of judgment issue).

**[6]** Thus, Rule 69(a) should be applied to the satisfaction of judgments and acknowledgment thereof as long as it is valid under the Rules Enabling Act. Rule 69(a) incorporates state law so it cannot possibly "abridge, enlarge or modify any substantive right" that may exist under section 724 of the California Code of Civil Procedure. 28 U.S.C. § 2072(b).

Because Rule 69(a) is valid under the Rules Enabling Act, we conclude that it applies to satisfaction of judgments and acknowledgment thereof.

**[7]** Rule 69(a) incorporates state law, thereby making the Zamanis' first two causes of action cognizable claims. For the reasons set forth in the opinion in the related case, *Carnes v. Zamani*, Case No. 05-15084, which is filed concurrently with the filing of this opinion, we reject the Carneses' argument that, by its own terms, section 724 cannot apply to this case because the EJL is limited to judgments of the State of California.

**[8]** The foregoing establishes a legal foundation for the Zamanis' first two causes of action. On the facts of this case, we agree with the district court that the Zamanis demonstrated a reasonable probability of success on the merits of their first two causes of action. The Carneses do not argue otherwise. The anti-SLAPP motion to strike was properly denied.

IV.

**[9]** As to the Rule 12(b)(6) motion to dismiss, the district court did not err in denying that motion, although the result on this motion does not necessarily follow from the anti-SLAPP motion, as the district court concluded. The relevant inquiry for a Rule 12(b)(6) motion is not whether the plaintiff has demonstrated a likelihood of success on the merits. A Rule 12(b)(6) "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the Zamanis' first two causes of action are based on cognizable legal theories which are supported by sufficient facts, the Rule 12(b)(6) motion was properly denied.[2]

---

[2]Because the Zamanis' first two causes of action remain viable, the amount in controversy is satisfied, and the district court properly denied the Rule 12(b)(1) motion.

## V.

**[10]** Lastly, we consider the district court's denial of the Carneses' motion for reconsideration. Because the motion was filed within ten days of the district court's order on the motion to strike and/or dismiss, we treat it as a Rule 59(e) motion. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005). A Rule 59(e) motion is properly granted " 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.' " *Sissoko*, 440 F.3d at 1153-54 (quoting *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003)). The Carneses, in essence, argue that the district court abused its discretion in denying the motion for reconsideration because it was clear error for the district court to not consider their litigation privilege argument. The district court did not commit clear error in failing to consider the litigation privilege argument because the Carneses did not raise this argument until their reply brief. The district court need not consider arguments raised for the first time in a reply brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003). The district court thus did not abuse its discretion in denying the Carneses' Rule 59(e) motion.

## VI.

Based on the foregoing, the district court's denial of the Carneses' motion to strike and/or dismiss and the Carneses' motion for reconsideration is AFFIRMED.