**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SYED M.J. HASAN,

    Plaintiff - Appellant,

    v.

EASTERN WASHINGTON STATE
UNIVERSITY; JOHN MASON;
DOLORES DEE MARTIN; SANDRA
CHRISTENSEN; HARM-JAN
STEENHUIS, in their representative and
individual capacities,

    Defendants - Appellees.

No. 11-35038

DC No. CV 2:08-294 LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted April 13, 2012
Seattle, Washington

Before:     HUG, TASHIMA, and CALLAHAN, Circuit Judges.

    Plaintiff Syed Hasan appeals the district court's grant of summary judgment

in favor of his employer, Eastern Washington State University ("EWU"), and four

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

university officials, in both their representative and individual capacities. Hasan

sued Defendants for alleged violations of 42 U.S.C. §§ 1981 and 1983. Hasan

argues that the district court erred: (1) in concluding that Eleventh Amendment

immunity applied to EWU and its officials in their representative capacities; (2) in

granting summary judgment to Defendants on Hasan's § 1981 retaliation claims;

and (3) in declining to consider Hasan's hostile work environment claim. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's order granting summary judgment de novo,

drawing all reasonable inferences supported by the evidence in favor of the non-

moving party. *Villiarimo v Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.

2002). Summary judgment is proper if the materials before the district court

demonstrate that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). Because the parties are familiar with the facts of this

case, we repeat them here only to the extent necessary to resolve the issues raised

on appeal.

**1.** Hasan argues that the State of Washington has waived its Eleventh

Amendment immunity for purposes of § 1981 suits by operation of a statute, Wash.

Rev. Code section 4.92.090. Hasan did not adequately raise this claim in the

district court; he did not cite section 4.92.090 except in a surreply, filed subsequent to oral argument on the parties' motions for summary judgment, and did not provide any explanation as to the statute's relevance to his Eleventh Amendment claim. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). We decline to consider Hasan's Eleventh Amendment waiver argument because it was not sufficiently raised until the case was on appeal. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996). We therefore affirm the district court's determination that EWU and the individual Defendants in their official capacities are immune from suit under the Eleventh Amendment.

2.    Hasan did not present sufficient evidence to survive summary judgment on any of his § 1981 retaliation claims against the individually-named Defendants in their individual capacities. *See Manatt v. Bank of America, N.A.*, 339 F.3d 792, 800-01 (9th Cir. 2003). Hasan's evidence did not state a prima facie case of retaliation against Dolores Dee Martin, Sandra Christensen, or Harm-Jan Steenhuis. Hasan failed to show that Martin held or exercised any responsibility in the non-removal of material from his records. In addition, Hasan did not present any evidence that Christensen was the originator of the allegedly arbitrary one-page requirement for his Faculty Activity Plan ("FAP"). Moreover, there is no causal link between the Management Department Personnel Committee's

November 2006 rejection of Hasan's FAP and Hasan's engagement in any protected activity, given that Hasan did not file his first EEOC Complaint until June 26, 2007. Hasan also did not provide any evidence showing that Steenhuis played a decisive role in the approval of his revised FAP.

Finally, John Mason presented a legitimate, non-discriminatory reason for Hasan's 2007 suspension – specifically, Hasan's repeated refusal to teach a class that he had been assigned to teach. The legitimacy of that justification is supported by the Cavanaugh arbitration's finding that Mason was justified in disciplining Hasan for insubordination. *See McDonald v. City of W. Branch*, 466 U.S. 284, 292 n.13 (1984). Hasan has not adduced substantial and specific circumstantial evidence that Mason acted pretextually. *See Bergene v. Salt River Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). Hasan also did not demonstrate that Mason acted as a "cat's paw" for some other named Defendant. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011). Hasan presents nothing more than pure speculation that Christensen or Steenhuis influenced Mason's decision to discipline him.

In short, because Hasan has failed to raise a controverted issue of material fact, we affirm the district court's grant of summary judgment on Hasan's § 1981 retaliation claims.

4

**3.** Hasan failed to preserve his hostile work environment claim below. That claim was not pled in Hasan's complaint and was raised for the first time in Hasan's opposition to Defendants' motion for summary judgment. The district court did not err in rejecting Hasan's attempt to add this claim to his complaint at the summary judgment stage. *See Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963, 969 (9th Cir. 2006).

**AFFIRMED.**