**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JO ELLEN PETERS and KEN KANE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>AMAZON SERVICES, LLC,<br><br>Defendant-Appellee. | No. 14-35294<br><br>D.C. No. 2:13-cv-00480-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted September 1, 2016
Seattle, Washington

Before: SCHROEDER, McKEOWN, and DAVIS,[**] Circuit Judges.

Jo Ellen Peters and Ken Lane appeal the district court's order compelling

arbitration of their claims against Amazon Services LLC ("Amazon"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

jurisdiction under 9 U.S.C. § 16(a)(3). We review de novo the district court's order compelling arbitration. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 (9th Cir. 2005).

The district court did not err in concluding that Lane and Peters agreed to arbitrate their disputes with Amazon. The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable," 9 U.S.C. § 2, and the FAA mandates that courts compel arbitration as to issues encompassed by valid arbitration agreements, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Lane and Peters agreed to Amazon's Business Solutions Agreement ("BSA"), which contains an unambiguous agreement to arbitrate "[a]ny dispute . . . or claim relating in any way" to the BSA or use of Amazon's services. The BSA, as "a contract evidencing a transaction involving commerce," is subject to the FAA and must be enforced. *See* 9 U.S.C. § 2.

Lane and Peters counter that Amazon's Marketplace Participation Agreement ("MPA"), which contains a forum selection clause, mandates litigation, not arbitration. They argue that the MPA, as one of Amazon's "Program Policies," takes precedence over the BSA and makes the arbitration clause unenforceable. This argument fails because the MPA falls within the BSA's definition of a "Seller

2

Agreement," and therefore does not constitute one of Amazon's separately defined "Program Policies."

Lane also argues that, regardless of what happens to Peters or the purported class, his individual claims are governed exclusively by the MPA because they arise out of an account formed prior to the BSA's existence. However, Lane did sign the BSA, which represents the parties' "entire agreement" and supersedes all prior agreements, and the BSA's broad arbitration clause covers "[a]ny dispute . . . or claim" and is not limited to prospective disagreements.

Accordingly, the district court did not err when it compelled arbitration.

**AFFIRMED.**