NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY A. PATEL, | No. 15-55660 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07372-GW-SS |
| v. | |
| PATRICK DeCAROLIS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Anthony A. Patel, a former attorney, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law

claims arising out of defendants' conduct in his state marital dissolution

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (dismissal for failure to state a claim); *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 (9th Cir. 2005) (order compelling arbitration). We affirm.

The district court properly dismissed Patel's damages claims against Judge Pacheco on the basis of judicial immunity because the claims arose out of Judge Pacheco's judicial acts. *See Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts."). Moreover, to the extent that Patel sought injunctive and declaratory relief against Judge Pacheco under § 1983, Patel has failed to state a claim for such relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (elements of a § 1983 action).

The district court properly determined that defendant law firm Buter, Buzard, Fishbein & Royce, LLP, and defendant Royce, are immune from liability under the *Noerr-Pennington* doctrine because Patel failed to allege facts sufficient

15-55660

to show that defendants' state court litigation was objectively baseless. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (under *Noerr-Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct"); *see also Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060-61 (9th Cir. 1998) (explaining the circumstances where the "sham" exception to the *Noerr-Pennington* doctrine is applicable).

The district court properly granted the motion of defendant law firm Trope & DeCarolis LLP and defendant DeCarolis to compel arbitration because the parties entered a valid arbitration agreement encompassing the dispute at issue. *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (Federal Arbitration Act requires that district courts refer cases to arbitration where a valid arbitration agreement covers the dispute at issue); *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782-85 (9th Cir. 2002) (discussing unconscionability under California law). We reject as meritless Patel's contentions that the district court should have stayed the action pending arbitration and Patel's contentions regarding discovery with respect to these claims.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Patel's motion to amend (Docket Entry No. 34) is denied as moot.

15-55660

**AFFIRMED.**