NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYLE JOHNSON, | No. 17-15374 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-01148-MCE-CKD |
| PLURALSIGHT, LLC, a Nevada limited liability company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,** District Judge.

Kyle Johnson ("Johnson") appeals the district court's dismissal of his suit

against Pluralsight, LLC ("Pluralsight") under California's Automatic Renewal

Law ("ARL") and Unfair Competition Law ("UCL"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

pursuant to 28 U.S.C. § 1291 and review de novo the district court's interpretation of state law and its decision to dismiss a suit for failure to state a claim. *See Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). We affirm in part and reverse in part.

**1.** As the parties have raised the issue of whether Johnson has alleged an injury in fact and therefore lacks Article III standing, we address this jurisdictional question first before turning to the merits of this appeal. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003). We agree with Johnson that he has sufficiently alleged an injury in fact.

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted). Although a "bare procedural violation, divorced from any concrete harm" does not satisfy Article III's injury-in-fact requirement, a procedural violation accompanied by "the risk of real harm" does. *Id.* at 1549. Here, Johnson has alleged monetary harm in the form of unlawfully retained subscriptions payments by Pluralsight. He claims that by violating Cal. Bus. & Prof. Code § 17602's[1] requirements, including failing to

---

[1] The complaint, although inartful, specifically asks the court to "find and declare that [Pluralsight] has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602" and that the court

2

provide information on cancellation policies prior to charging his credit card, Pluralsight transformed its subscriptions into unconditional gifts pursuant to section 17603. Accordingly, Pluralsight was not entitled to charge customers such as Johnson for the service. Johnson has thus alleged a concrete economic injury—as opposed to a bare procedural violation—that is both particularized and actual in nature.[2] *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury'"). This is sufficient to satisfy Article III's injury-in-fact requirements.

**2.**　We next conclude that the district court correctly dismissed Johnson's ARL cause of action. A party's right to sue depends on "whether the Legislature has manifested an intent to create such a private cause of action under the statute." *Lu v. Hawaiian Gardens Casino, Inc.*, 236 P.3d 346, 348 (Cal. 2010) (internal quotation marks omitted). "Such legislative intent, if any, is revealed through the

---

"award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code § 17603." These statements, coupled with allegations that Pluralsight "failed to . . . allow Plaintiff and Class Members to cancel before payment," are sufficient to support an inference that Pluralsight's products were allegedly unconditional gifts because the company failed to procure Johnson's "affirmative consent as described in Section 17602," Cal. Bus. & Prof. Code § 17603, prior to activating the subscription. *See Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 992 (9th Cir. 2012) ("The facts in the complaint are liberally construed in the plaintiff's favor and are generally accepted as true.").

[2] We agree with Pluralsight that Johnson satisfies the other requirements necessary to establish Article III standing.

language of the statute and its legislative history." *Id.* Contrary to Johnson's arguments, California Business and Professions Code § 17604(a) does not contain "clear, understandable, unmistakable terms" that "strongly and directly indicate" an intent to create a private cause of action. *Id.* at 348 (internal quotation marks omitted). Section 17604(a) neither states that a person may "bring an action," *id.* at 348–49, to obtain civil remedies nor contains language commonly understood in California to create a "right to bring an action." *Id.* at 349. There is nothing in the legislative history that suggests a contrary conclusion.[3] The district court correctly concluded that section 17604's reference to section 17535 evidences the legislature's intent to permit plaintiffs to pursue an injunction under section 17535 for violations of the ARL as opposed to creating a private cause of action under the ARL.

Johnson's remaining arguments are not persuasive. *See Crusader Ins. v. Scottsdale Ins.*, 54 Cal. App. 4th 121, 133 (Ct. App. 1997). The legislature's intent in enacting the ARL was to "end the practice of ongoing charging of consumer credit or debit cards . . . without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code §

---

[3] We grant Johnson's motion to take judicial notice of his five exhibits, each of which pertains to the legislative history of the ARL. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice.").

4

17600. Permitting consumers to sue under the UCL for ARL violations fulfills this objective. Because there is no private cause of action under the ARL, the district court properly dismissed Johnson's ARL claim.

**3.** We agree with Johnson that, for the same reasons he has satisfied Article III's injury-in-fact requirement, he has alleged an injury in fact sufficient to support statutory standing under the UCL. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (explaining that the UCL's "economic injury-in-fact requirement . . . demands no more than the corresponding requirement under Article III of the U.S. Constitution"). The district court erroneously treated Pluralsight's subscriptions as "intangible services." To the contrary, Pluralsight's subscriptions grant users a license to download materials such as exercise files, course slides, and sample codes—all of which may ostensibly be printed and used as part of the users' educational training—in addition to access to online videos. Assuming *arguendo* that section 17603 is limited to tangible products, Pluralsight's course slides and sample codes amply qualify as tangible products. *Cf. Ladore v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1073 (N.D. Cal. 2014) (Chen, J.) (explaining that the downloadable version of something offered in physical form is a "good"). Accordingly, Johnson has sufficiently alleged that Pluralsight unlawfully charged him for a subscription that should have been treated as an unconditional gift pursuant to section 17603.

**4.** Johnson has also sufficiently alleged unlawful conduct to pursue a claim under the UCL. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). His complaint alleges that Pluralsight violated the ARL by charging him without first providing information on how to cancel the subscription. The record also indicates that consumers signing up for trial subscriptions were not specifically given instructions on how to cancel before payment. This amply satisfies the UCL requirement that an unlawful business practice be any violation of "other laws."[4] *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

---

[4] Pluralsight has provided no case law in support of its argument that its actions complied in good faith with the requirements of the ARL, as laid out in section 17604(b). Because Johnson has alleged an unlawful business practice sufficient to sustain his UCL cause of action, we need not address whether he has also alleged an unfair business practice.



*Johnson v. Pluralsight, LLC*, No. 17-15374
Ikuta, J., dissenting

I dissent. Johnson has alleged only "a bare procedural violation, divorced from any concrete harm," and therefore lacks standing under Article III of the U.S. Constitution. *Spokeo, Inc. v. Robins (Spokeo I)*, 136 S. Ct. 1540, 1549 (2016).

In determining whether Johnson has alleged a concrete harm, we first determine "whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights)." *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1113 (9th Cir. 2017). California's Automatic Renewal Law (ARL), Cal. Bus. & Prof. Code §§ 17600–17606, was enacted to "end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." *Id.* § 17600. The ARL thus protects consumers' concrete interests in avoiding charges resulting from misleading automatic renewal agreements, which has a "close relationship" to traditional common-law actions for theft and fraud. *Spokeo I*, 136 S. Ct. at 1549.

Second, we must determine whether the "specific procedural violations alleged in this case actually harm, or present a material risk of harm to," Johnson's concrete interest in avoiding these types of fraudulent charges. *Spokeo II*, 867 F.3d at 1113. Here Johnson's claims falter. Johnson alleges that Pluralsight failed to

"provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in manner that is capable of being retained by the consumer," Cal. Bus. & Prof. Code § 17602(a)(3), including additional information on how to cancel required by section 17602(b). But his complaint does not allege that this procedural violation led to the incurrence of unwanted charges; Johnson does not claim that he did not want to continue the subscription service or would have cancelled his subscription had Pluralsight not violated the statute's information requirements.

Instead, Johnson alleges only that Pluralsight's failure to comply with the ARL's procedural requirements converted Pluralsight's products into unconditional gifts to Johnson under section 17603 of California's Business and Professions Code, and therefore Johnson is entitled to the return of his subscription payments, regardless whether he would have continued to subscribe. Even if the availability of such statutory penalties (unrelated to any actual harm) could give rise to standing, *cf. Spokeo I*, 136 S. Ct. at 1545, 1549, Johnson is not entitled to such penalties because the ARL's "unconditional gifts" provision in section 17603 is not applicable to him. By its terms, section 17603 applies only where the business sends "goods, wares, merchandise, or products to a consumer . . . without first obtaining the consumer's affirmative consent as described in Section 17602."

2

Johnson does not allege that Pluralsight charged him for his subscription "without first obtaining [his] affirmative consent" in violation of section 17602(a)(2). Indeed, he alleges no violation of section 17602(a)(2) at all. His complaint claims violations only of sections 17602(a)(3) and (b), which merely require a business to provide specified information to the consumer.

Because the ARL's unconditional gifts provision does not apply and Johnson has not alleged that Pluralsight's failure to provide required information caused him any harm (i.e., by causing him to pay for unwanted services), his complaint presents only "a bare procedural violation," and he lacks an Article III injury-in-fact. *Spokeo I*, 136 S. Ct. at 1549. For the same reason, he also lacks statutory standing under California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17204.

I would therefore affirm the district court's dismissal.