**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMAD KHEIR ABULFEILAT, | No. 08-73421 |
| Petitioner-Appellant, | Agency No. A044-172-574 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2012[**]
Pasadena, California

Before:  FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Ahmad Kheir Abulfeilat, a native and citizen of Jordan, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA found – on remand, after the Court granted a prior petition for review in part, *see Abulfeilat v. Gonzales*, 244 Fed. Appx. 159 (9th Cir. 2007) – that Abulfeilat had committed a particularly serious crime, rendering him ineligible for asylum and withholding of deportation; that he was ineligible for protection under the Convention Against Torture ("CAT"); and that he was ineligible for voluntary departure. We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).

Because Abulfeilat raises his argument that the BIA was required to remand his case to an immigration judge for the first time in his petition for review, we cannot consider it. *See Chettiar v. Holder*, 665 F.3d 1375, 1379 (9th Cir. 2012).

The BIA applied the correct standard in determining that the crime for which Abulfeilat is deportable, conspiracy to evade Iraqi sanction regulations, is "particularly serious," rendering him ineligible for asylum and withholding of deportation. S*ee Arbid v. Holder,* — F.3d —, No. 09-73211, 2012 WL 1089595, at *2 (9th Cir. April 4, 2012); *Delgado v. Holder*, 648 F.3d 1095, 1099-1100 (9th Cir. 2011). It properly found that the nature of the crime and the underlying facts of the conviction – in particular the scale of the attempted crime and its national

2

security implications – justified a presumption that Abulfeilat was a danger to the community. *See Delgado*, 648 F.3d at 1107. This conclusion was not an abuse of discretion, as it was neither arbitrary, irrational, nor contrary to law. *See Arbid*, 2012 WL 1089595 at *4.

The BIA's determination regarding Abulfeilat's claim for deferral of removal under the CAT is supported by substantial evidence. While Abulfeilat introduced evidence that apostasy is punishable by death under Islamic law and that Muslims who convert to Christianity are subject to various forms of discrimination in Jordan, he failed to establish that it was more likely than not that he would be tortured with the consent or acquiescence, through awareness or willful blindness, of the Jordanian government. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

Finally, the agency properly determined that Abulfeilat's conviction of a crime involving moral turpitude rendered him ineligible for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(B).

**PETITION FOR REVIEW DENIED.**

3