**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMAD KHEIR ABULFEILAT, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No.13-70969 Agency No. A044-172-574 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Petitioner Ahmad Kheir Abulfeilat, a native and citizen of Jordan, appeals

from the Board of Immigration Appeals' (BIA) denial of his motion to reopen his

removal proceedings on the basis of changed circumstances in Jordan. 8 U.S.C.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Reviewing the BIA's

determination for abuse of discretion, we deny the petition. *Valeriano v. Gonzales*,

---

[*]This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

474 F.3d 669, 672 (9th Cir. 2007).

Abulfeilat claims that he is entitled to protection under the Convention Against Torture (CAT) because, if returned to Jordan, it is more likely than not that he would be tortured on account of his apostate status. 8 C.F.R. § 1208.16(c)(2). Previously in *Abulfeilat v. Holder*, 472 F. App'x 674, 675 (9th Cir. 2012), we found that Abulfeilat had failed to establish a CAT claim with the evidence introduced at his 2002 hearing. In connection with the present motion to reopen, Abulfeilat has not presented new and material evidence of changed circumstances in Jordan. 8 C.F.R. § 1003.2(c)(3)(ii). Abulfeilat did submit new expert affidavits, news articles, and reports concerning the treatment of apostates by members of civil society in Jordan since 2002. Yet, this evidence does not establish a prima facie case that he would more likely than not be tortured "with the consent or acquiescence, through awareness or willful blindness, of the Jordanian government." *See Abulfeilat*, 472 F. App'x at 675 (citing *Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir. 2003)). We therefore deny Abulfeilat's petition.[1]

---

[1] We do not find Abulfeilat's remaining arguments persuasive. Abulfeilat points to no authority for sealing the BIA's proceedings. Further, the BIA's "'general statement that [it] considered all the evidence before [it]'" is sufficient because "nothing in the record or the BIA's decision indicates a failure to consider all the evidence." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (second

We also deny Abulfeilat's pending motion to seal this disposition. Two of our decisions on Abulfeilat's case are already publicly available and Abulfeilat did not move to seal those proceedings.

**PETITION DENIED.**

---

alteration in original) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006)). We cannot review the BIA's refusal to reopen removal proceedings on a sua sponte basis. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011). Finally, Abulfeilat did not provide sufficient justification for revisiting our determination that he had been convicted of a "particularly serious" crime. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).