**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL CEBALLOS GUERRERO, | No. 24-3283 |
| Petitioner, | Agency No. A094-811-824 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025**
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Ismael Ceballos Guerrero, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") denial of cancellation of removal, asylum, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252.  "Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (quoting *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015)).  We review legal conclusions de novo and factual findings for substantial evidence.  *Id.*  A finding is "not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021)).  We deny the petition for review.

We "may review a final order of removal only if" the petitioner "has exhausted all administrative remedies available . . . as of right."  8 U.S.C. § 1252(d)(1).  The exhaustion requirement is a non-jurisdictional claim-processing rule that is mandatory if a party properly raises it.  *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).  "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on

---

[1]  Ceballos Guerrero also applied for relief under the Convention Against Torture ("CAT"), but he has forfeited any challenge to the denial of CAT relief on appeal because he mentions CAT only in passing in his opening brief. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (issues not "'specifically and distinctly' argue[d] . . . in [petitioner's] opening brief" are "forfeited" (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

2

the issue.'" *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)). Here, Ceballos Guerrero did not properly exhaust issues that are dispositive of his claims for relief and the government raised exhaustion, so we cannot consider his claims.

First, Ceballos Guerrero did not challenge the IJ's denial of cancellation of removal before the BIA at all. The government raised exhaustion, so we cannot consider the claims Ceballos Guerrero now raises regarding cancellation of removal. *Suate-Orellana*, 101 F.4th at 629. While he fashions one of his claims as a due process challenge, arguing that the IJ "pretermitted" his cancellation of removal application, the exhaustion requirement still applies because Ceballos Guerrero alleges "mere procedural error that an administrative tribunal could remedy" by, for example, ordering rehearing. *Chettiar v. Holder*, 665 F.3d 1375, 1379 n.2 (9th Cir. 2012) (quoting *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)); *see also Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008) (exhaustion requirement applies to a procedural due process claim where "the BIA could have provided a remedy if [the petitioner's] complaints were found to be valid by ordering a rehearing").

Second, Ceballos Guerrero failed to exhaust any challenges to the IJ's determination that his asylum application was barred as untimely. The government

3

raised exhaustion, so we cannot consider the challenges he now raises. *Suate-Orellana*, 101 F.4th at 629. While he styles his claim as a due process challenge, arguing that the agency should have given him notice that his application was time-barred and elicited testimony from him about exceptions to the time bar, he again alleges a procedural error that could have been remedied by the BIA. The exhaustion requirement thus applies. *See Chettiar*, 665 F.3d at 1379 n.2. The time bar is dispositive of Ceballos Guerrero's asylum application, so the agency was correct to deny asylum. *See* 8 U.S.C. § 1158(a)(2)(B).

Third, Ceballos Guerrero failed to exhaust his challenges to the IJ's finding that he did not establish the government was unwilling or unable to control his alleged persecutors. He alleges in his opening brief that the IJ erred in how it analyzed his failure to report his attack to the police, but Ceballos Guerrero did not raise this issue or anything related to the "unable or unwilling" requirement before the BIA. Because the government raised exhaustion, we cannot reach this issue. *Suate-Orellana*, 101 F.4th at 629. Further, the "unable or unwilling" requirement is dispositive of both Ceballos Guerrero's asylum and withholding of removal claims, so the agency was correct to deny relief. *See Doe v. Holder*, 736 F.3d 871, 877-78 (9th Cir. 2013) (eligibility for asylum or withholding of removal based on past persecution requires demonstrating persecution that was "committed by the

4

government or forces the government is either unable or unwilling to control" (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010))); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (same for establishing a well-founded fear of future persecution).

Because the issues that Ceballos Guerrero failed to exhaust are dispositive of all of his claims for relief, we need not and do not reach any other issues raised in his briefing. *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

**PETITION DENIED.**