**David Luther GHENT, Petitioner— Appellee,**

v.

**Jeanne S. WOODFORD, Warden, California State Prison at San Quentin, Respondent—Appellant.**

No. 03–99004.

D.C. No. CV–90–02763–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 17, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Douglas R. Young, Grace K. Won, Farella Braun & Martel, LLP, San Francisco, CA, for Petitioner–Appellee.

Joan Killeen, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellant.

Before T.G. NELSON, GRABER, and W. FLETCHER, Circuit Judges.

### ORDER*

The issues before us revolve around the opening paragraph of the order filed April 2, 2003, modifying the protective order, which provides as follows:

> IT IS HEREBY ORDERED that documents and information protected by the attorney-client privilege or the attorney work product doctrine revealed by petitioner in this habeas corpus proceeding are "Protected Information" and cannot be used for any purpose other than the litigation of petitioner's writ application. The revelation or use of the Protected Information in the writ proceedings will not be considered a waiver of the attorney-client privilege or work product protection outside of the writ proceedings. However, Protected Information does not include such documents or information if they were obtained by means independent of the writ proceedings or their protection was waived by some conduct other than their revelation in the writ proceedings.

1. The above order is a supportable exercise of the district court's discretionary authority to protect items covered by the attorney-client privilege and the attorney work product doctrine. *See Bittaker v. Woodford,* 331 F.3d 715, 727 (9th Cir. 2003) (en banc). The parties do not disagree that the court has such authority, in general, but they disagree about the potential application of the foregoing paragraph.

2. The second sentence permissibly states that the federal hearing, without more, did not waive the above privileges, which is consistent with *Bittaker.*

3. As for the third sentence, we construe it (a) not to require or direct of its own force the sealing of any part of the writ proceedings and (b) not to list exhaustively other exceptions that the district court may deem appropriate when questions about specific applications of the order are presented to it.

So construed, we affirm the order.

We do not have before us at this time any sealing order entered by the district court based on the protective order. Nor do we have before us any decision by the district court addressing possible exceptions to the order. Any objections to the possible application of the protective order to specific items are therefore not ripe for our review.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.