**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CATHERINE INGLE,
                    *Plaintiff-Appellee,*

          v.

CIRCUIT CITY, a Virginia
corporation,
                    *Defendant-Appellant.*

No. 04-55927

D.C. No.
CV-99-01297-RHW

OPINION

Appeal from the United States District Court
for the Southern District of California
Robert H. Whaley, District Judge, Presiding

Submitted March 21, 2005*
Pasadena, California

Filed May 18, 2005

Before: Harry Pregerson, David R. Thompson, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Pregerson

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. Civ. P. 34(a)(2).

**COUNSEL**

Rex Darrell Berry, Livingston & Mattesich Law Corporation, Sacramento, California, for defendant/appellant Circuit City Stores, Inc.

Michael H. Crosby, San Diego, California, for the plaintiff/appellee.

**OPINION**

PREGERSON, Circuit Judge:

In this appeal we consider Circuit City's renewed petition to compel arbitration, in which it again asks the district court to compel former employee Catherine Ingle to arbitrate her employment-related claims. In *Ingle v. Circuit City Stores,*

*Inc.*, 328 F.3d 1165 (9th Cir. 2003) ("*Ingle I*"), we held that Circuit City's arbitration agreement with Ingle, which required her to arbitrate any employment-related claims as a condition of employment, was procedurally and substantively unconscionable under California contract law, and thus unenforceable. Accordingly, we affirmed the district court's denial of Circuit City's motion to compel arbitration of Ingle's state and federal employment discrimination and harassment claims. On January 26, 2004, the Supreme Court denied Circuit City's petition for a writ of certiorari. *See Circuit City Stores, Inc. v. Ingle*, 540 U.S. 1160 (2004).

Less than a month after the parties returned to the district court to litigate Ingle's discrimination and harassment claims, Circuit City filed a renewed petition to compel arbitration. In its petition, Circuit City argued that this court's en banc decision in *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003) (en banc) ("*Luce Forward*"), filed four-and-a-half months after *Ingle I*,[1] implicitly undermined the holding of *Ingle I*. Circuit City claimed that because *Luce Forward* weakened the holding of *Ingle I*, the district court did not need to comply with our decision in *Ingle I* and could compel Ingle to arbitrate her discrimination and harassment claims against Circuit City. The district court disagreed and denied Circuit City's renewed petition to compel arbitration. Circuit City appeals.

"The denial of a petition to compel arbitration is immediately appealable under 9 U.S.C. § 16(a)(1)(B)." *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 n.4 (9th Cir. 2002). We affirm.

---

[1]Our decision in *Ingle I* was filed on May 13, 2003. Our decision in *Luce Forward* was filed on September 30, 2003.

## DISCUSSION

### 1. The Law of the Case

[1] Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). This doctrine has developed to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478, at 637-38 (2002). Because application of the doctrine is discretionary, we review a district court's decision to apply the law of the case for an abuse of discretion. *See Lummi Indian Tribe,* 235 F.3d at 452.

[2] A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *See id.* at 452-53.

### 2. Circuit City's Renewed Petition Lacks Merit

Circuit City argues that *Luce Forward* undermined *Ingle I* and, therefore, constitutes an intervening change in the law.[2]

---

[2]After the parties finished briefing, Circuit City submitted an additional citation pursuant to Federal Rule of Appellate Procedure 28(j) directing our attention to *Nagrampa v. Mailcoups, Inc.*, 401 F.3d 1024 (9th Cir. 2005). That case, however, is inapposite because it examined an arbitration clause embedded in a larger franchise agreement. As the court in *Nagrampa* explicitly recognized, its analysis was confined to such agreements and had no application to stand-alone arbitration agreements. *See id.* at 1028 n.4. As Circuit City concedes in its 28(j) submission, the arbitration agreement held unconscionable in *Ingle I* is a stand-alone arbitration agreement.

According to Circuit City, the district court should have granted its renewed petition to compel arbitration despite our decision in *Ingle I*. We disagree.

Our decision in *Luce Forward* was narrow. We considered only whether the Civil Rights Act of 1991 precluded employers from requiring employees, as a condition of employment, to waive their right to bring future Title VII claims in court. *Luce Forward*, 345 F.3d at 749. Sitting en banc in *Luce Forward*, we overruled our previous decision in *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1998), and held that the Civil Rights Act of 1991 does *not* preclude employers from requiring employees to arbitrate their future Title VII claims as a condition of employment. *See id.* at 745 ("We now conclude that . . . *Duffield* was wrongly decided; we therefore overrule it ourselves."). The en banc court examined the text of the Civil Rights Act of 1991, and concluded that there was nothing in the text of the statute that precluded employers from requiring employees to arbitrate their future Title VII claims as a condition of employment. *See id.* at 751-52.

**[3]** *Luce Forward* did not limit or overrule *Ingle I*; nor did *Luce Forward* even address or cite *Ingle I*. *Ingle I* held that, as a matter of California contract law, Circuit City's compulsory arbitration agreement was unconscionable and hence, unenforceable. *Ingle*, 328 F.3d at 1180. *Luce Forward* did not examine California contract law at all. Rather, *Luce Forward* was a narrowly written decision overruling *Duffield* and holding that the Civil Rights Act of 1991 does not preclude an employer from requiring an employee to arbitrate Title VII claims as a condition of employment. *See Luce Forward*, 345 F.3d at 745.

**[4]** Post-*Luce Forward*, we continue to examine compulsory arbitration agreements to determine if they comport with state contract law. For example, we recently held that a 1998 version of Circuit City's arbitration agreement was uncon-

scionable under Washington state law because the agreement was "excessively one-sided" in favor of Circuit City. *See Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1262 (9th Cir. 2005). We noted that *Luce Forward* "forecloses Al-Safin's arguments that *Duffield* prohibits enforcement of the arbitration agreement," *id.* at 1258 n.2, but nevertheless held the agreement unconscionable, and hence unenforceable, as a matter of *state* law, *id.* at 1262.

**[5]** In sum, Circuit City's claim that *Luce Forward* somehow overruled or undermined *Ingle I* is not persuasive. The district court did not abuse its discretion in denying Circuit City's renewed petition to compel arbitration.

### 3. Sanctions Against Circuit City

**[6]** Ingle contends that Circuit City's present appeal is frivolous and requests that we impose sanctions under 28 U.S.C. § 1912, 28 U.S.C. § 1927, and Federal Rule of Appellate Procedure 38. Specifically, Ingle asks for the imposition of double costs, attorney's fees, or both. "An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990).

**[7]** As discussed above, Circuit City's position in this appeal is wholly without merit. We therefore impose sanctions in the form of double costs and reasonable attorney's fees under Federal Rule of Appellate Procedure 38. *See Harrah's Club v. Van Blitter*, 902 F.2d 774, 777 (9th Cir. 1990) (imposing sanctions in the form of double costs and attorney's fees where appellant's claim was "utterly meritless"). Ingle has failed, however, to provide evidence that Circuit City's latest appeal was motivated by bad faith. Accordingly, we decline to impose sanctions under 28 U.S.C. § 1927. *See T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.,* 809 F.2d 626, 638 (9th Cir. 1987) (declining to impose sanctions under 28 U.S.C. § 1927 because, even though the substance of the

appeal was nonmeritorious, there was no evidence of bad faith).

## CONCLUSION

The judgment of the district court is **AFFIRMED**. Ingle's request for sanctions against Circuit City in the form of double costs and attorney's fees is **GRANTED**.