**Dorothy A. WASHINGTON, Plaintiff—Appellant,**

**v.**

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant—Appellee.**

**No. 07–55431.**

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008.*

Filed July 22, 2008.

John Ohanian, Esq., John Ohanian, Esq., Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Dorothy Washington appeals from the district court's judgment for the Commissioner of Social Security. Her disability insurance benefits application under Title II of the Social Security Act had been denied by the Commissioner.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "A district court's order upholding the Commissioner's denial of benefits is reviewed de novo." *Hoopai v. Astrue,* 499 F.3d 1071, 1074 (9th Cir.2007).

Washington's assertion that the district court erroneously affirmed the second ALJ's adoption of a "flawed credibility determination" is unavailing. Substantial evidence supported the first ALJ's credibility findings. *See, e.g., Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007). Furthermore, the second ALJ did not err in refusing to revisit the entire credibility issue all over again. It was enough that she found no new reason to question it. Likewise, the district court did not abuse its discretion in applying the law of the case to its previous ruling affirming the ALJ's adverse credibility finding. *See In-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*gle v. Circuit City,* 408 F.3d 592, 594 (9th Cir.2005).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.