**AUTOTEL, a Nevada corporation, Plaintiff—Appellant,**

v.

**CENTRAL TELEPHONE COMPANY, dba Sprint of Nevada; Public Utility Commission of Nevada ("PUCN"); Donald L. Soderberg Carl B. Linvill; Jo Ann P. Kelly, Defendants—Appellees.**

No. 06–16565.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Aug. 5, 2008.

---

**1.** The BIA did not adopt or affirm the IJ's conclusion regarding relocation, so we do not address that claim.

Marianne G. Dugan, Eugene, OR, Richard A. Koch, Esq., Koch & Brim, LLP, Las Vegas, NV, for Plaintiff–Appellant.

Torry R. Somers, Esq., Law Offices, Las Vegas, NV, Richard Hinckley, Rebecca A. Harold, Esq., Patrick J. Reilly, Esq., Public Utilities Commission of Nevada, Carson City, NV, for Defendants–Appellees.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and

**494**

BERTELSMAN,* District Judge.

### MEMORANDUM **

Autotel appeals the district court's dismissal of Autotel's claims under the Telecommunications Act of 1996 (the Act) against the Public Utility Commission of Nevada (PUC) and Central Telephone Company, dba Embarq Corporation (Embarq). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 The district court has subject matter jurisdiction over alleged violations of the Act, *see Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642–43, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002), but Autotel has failed to state a claim upon which relief may be granted because it has not alleged how the PUC's dismissal of its complaint as unripe violated the Act. Autotel's bare statement that the PUC "by its acts and omissions" violated the Act is insufficient. *See Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.)*, 11 F.3d 865, 868–72 (9th Cir.1993).[1] The district court's dismissal of Autotel's claim against the PUC is affirmed.

 The district court likewise has subject matter jurisdiction over a claim that a party to an interconnection agreement has failed to negotiate in good faith under the Act. *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1193 (9th Cir. 2008). However, as a prudential matter, the state commission must be given the opportunity to address the good faith claim before the claim may be brought in district court. *Id.* at 1200. Autotel has not "expressly" placed the issue of Embarq's good faith before the PUC. *See id.* at 1203–04. The PUC did not "impliedly" determine Autotel's good faith claim when it dismissed Autotel's complaint as unripe; much of the factual predicate for the good faith claim is based on negotiations occurring after the PUC's dismissal. *See id.* Because the PUC has not had the opportunity to address Autotel's good faith claim against Embarq, the district court's dismissal of that claim is affirmed.

Embarq's motion for attorney's fees under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 is denied. *See Ingle v. Circuit City*, 408 F.3d 592, 595–96 (9th Cir.2005); *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir.1991).

AFFIRMED.

\* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Autotel argues that "leave to replead would have clearly been appropriate." The district court dismissed Autotel's claim without prejudice, leaving Autotel free to file an amended complaint. Autotel also could have, but did not, seek leave to amend. When pressed at oral argument to proffer details sufficient to plead a cognizable claim against the PUC, counsel for Autotel could not provide a satisfactory explication. Under these circumstances, no error can be assigned to the district court for not granting leave to amend. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).