NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID LUTHER GHENT,

Petitioner - Appellant,

v.

ROBERT K. WONG, Warden,

Respondent - Appellee.

No. 09-15997

D.C. No. 5:90-cv-02763-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: FERNANDEZ, HAWKINS and THOMAS, Circuit Judges.

Prisoner David Luther Ghent ("Ghent"), convicted of first degree murder and

related crimes in California state court, successfully obtained federal habeas relief and

the vacatur of his death sentence in *Ghent v. Woodford*, 279 F.3d 1121, 1124 (9th Cir.

2002). Ghent's appeal here challenges the district court's determination that the work

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

product of certain mental health experts who testified on Ghent's behalf would be subject to discovery. The State intends to make use of matters so discovered in a new sentencing proceeding in state court. For the following reasons, we affirm.

**Factual Background & Procedural History**

During Ghent's habeas proceedings in district court, Ghent was granted an evidentiary hearing; and the State was granted discovery rights, as well as leave to depose Ghent. Following the hearing, the district court granted Ghent's motion for a protective order, preventing the State from using documents or information gained from discovery in any proceedings beyond Ghent's habeas proceeding, including a retrial of Ghent in state court.

In April 2003, following the vacatur by this court of Ghent's death sentence, *see Ghent*, 279 F.3d at 1124, the district court modified the protective order (hereinafter "MPO"), defining the term "protected information" as including Ghent's deposition, and excluding "documents or information if they were obtained by means independent of the writ proceedings or their protection was waived by some conduct other than their revelation in the writ proceedings." The court required Ghent submit a proposed order identifying specific information from the public record he wished sealed.

In the State's subsequent appeal of the MPO, a panel of this Court determined the MPO to be within the district court's discretion and declined to review the propriety of the proposed sealing order, or its application to any specific items. *Ghent v. Woodford*, 2004 WL 540692, at *1 (9th Cir. Mar. 17, 2004).

The district court then issued its first sealing order in March 2005 ("March 2005 order"), itemizing several documents covered by the protective order, and others not within its scope. In July 2008, the court included three additional documents under the MPO via a second order ("July 2008 order"). Ghent then sought to seal additional portions of the record, which the court, in its March 2009 order, granted in part. The court, however, declined to apply the work product privilege to the notes and materials from the expert witnesses called on Ghent's behalf at the earlier evidentiary hearing.

Ghent noticed appeal on April 20, 2009 [ER 1-3], seeking review of the MPO (April 2003), and the subsequent orders clarifying the items covered by the MPO (July 2008 order, March 2009 order).

**Jurisdiction**

The orders Ghent appeals are all final orders under 28 U.S.C. § 1291, or collateral orders, and thus appealable, because "[t]here were no other matters pending

before the district court upon entry of [these orders]."[1] *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003); *see also Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) (en banc); *Osband v. Woodford*, 290 F.3d 1036, 1039-40 (9th Cir. 2002) (applying the collateral order doctrine); *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) (applying the collateral order doctrine).

**Timeliness**

Ghent's appeal of the April 2003 MPO is untimely. The order was affirmed by this Court in 2004 as within the district court's discretionary authority, *see Ghent*, 2004 WL 540692 at *1, and thus cannot be reconsidered by this panel. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) (citing *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). Ghent's appeal of the March 2009 order, however, was timely.

**Notes of Mental Health Experts**

Citing Fed. R. Civ. P. 26, the district court noted, "the moment that Petitioner's expert witnesses relied on the documents at issue at Petitioner's trial, they ceased to

---

[1]Ghent was not required to seek a certificate of appealability prior to appealing. *See Harrison v. Bell*, 129 S. Ct. 1481, 1485 (2009).

4

be protected work product. Since the documents were not protected work product during Petitioner's trial, they are not protected work product now."[2]

Petitioner's argument that *Bittaker*, 331 F.3d at 727-28, requires a contrary result is unavailing. While *Bittaker* certainly holds that the filing of a federal habeas petition does not automatically result in a waiver of the attorney-client privilege between a petitioner and his former counsel, *id*. at 722, the waiver at issue here occurred in the original state court trial, and any privilege would have been considered waived regardless of the initiation of federal habeas proceedings. Thus, the waiver here was not based on "his disclosure of privileged information during the course of the federal litigation," *see id*. at 726, but rather when Ghent's experts testified in his state trial.

**Transcripts of Habeas Witness Testimony**

The district court also denied Ghent's motion to include under the MPO excerpts of habeas expert witness testimony. Because Ghent fails to enumerate

---

[2]The district court did not err in this determination, following as it did the majority rule among circuits facing this issue. *See Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006), and cases cited therein; *see also Wright & Miller, Federal Practice and Procedure*, § 2016.5. California law also supports waiver in these circumstances. *See People v. Ledesma*, 39 Cal. 4th 641, 695-96 (Cal. 2006); *see also People v. Combs*, 34 Cal. 4th 821, 862-64 (Cal. 2004). As the district court noted, because "state law may preclude the use of some or all of these documents at Petitioner's retrial . . . the state court may so order."

specific reasons, or provide any references to case law or evidentiary rules, as to why this testimony should be privileged, stating only that the court erred by excluding "testimony from other witnesses that revealed privilege and work product information from trial counsel," we find this issue waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("As the Seventh Circuit observed in its now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.'") (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (alteration in *Indep. Towers*)); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991) (same).

**AFFIRMED.**