**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL C. MALANEY; et al., | No. 12-15182 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-02858-RS |
| v. | |
| UAL CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted December 4, 2013
San Francisco, California

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Plaintiffs-Appellants ("Appellants"), forty-nine private individuals, appeal the

dismissal of their Clayton Act Section 7 challenge to the merger between Defendants-

Appellees UAL Corp., United Airlines, Inc., and Continental Airlines, Inc.

("Appellees"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

**LAW OF THE CASE**

In general, our review of a district court's order concerning a preliminary injunction does not constitute binding law of the case. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("*Ranchers Cattlemen*"). However, purely legal conclusions we reached during review of a preliminary injunction order do constitute binding law of the case. *Id.*

When this case was previously before us, we reviewed the district court's order denying a preliminary injunction which would have halted the then-proposed and now-consummated merger between Appellees. *See Malaney v. UAL Corp.*, 434 F. App'x 620 (9th Cir. 2011) (unpub.) ("*Malaney I*"). Affirming the district court's denial of a preliminary injunction, we held that Appellants had not shown a likelihood of success on the merits of their claim, *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), by failing to demonstrate the proposed national market for air travel is the relevant market for purposes of Appellants' Section 7 claim, *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962). *Malaney I*, 434 F. App'x at 621. This purely legal conclusion constitutes binding law of the case. *Ranchers Cattlemen*, 499 F.3d at 1114.

We may depart from the law of the case only in limited circumstances. *See*

2

*Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). Appellants offer two arguments why we should do so here. First, Appellants claim Appellees previously argued in *In re Air Passenger Computer Reservations Systems Antitrust Litigation*, 694 F. Supp. 1443, 1472 (C.D. Cal. 1988) ("*CRS*"), that a national market for air travel is an appropriate market for antitrust purposes. Appellants contend that, on remand, the district court should have departed from the law of the case and estopped Appellees from opposing a national market theory because neither the district court nor we were aware of this previous litigation when ruling on the preliminary injunction motion and subsequent appeal. Second, Appellants argue our decision in *Malaney I* is clearly erroneous and should be reconsidered.

## JUDICIAL ESTOPPEL

Though judicial estoppel is "probably not reducible to any general formulation of principle, several factors typically inform the decision whether to apply the doctrine in a particular case." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal modification omitted)). These factors ask whether (1) a party's later position is clearly inconsistent with its earlier position, (2) the first court accepted the advanced position, and (3) the party seeking to assert an inconsistent position would obtain an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

3

*Id.* (quoting *New Hampshire*, 532 U.S. at 750) (internal quotations and citations omitted). We review for abuse of discretion the district court's application of the law of the case doctrine in light of Appellants' citation to *CRS* on remand. *Ingle*, 408 F.3d at 594.

Appellees have the stronger argument as to each judicial estoppel factor. The relevant portion of the *CRS* opinion is short and somewhat cryptic. Given this scant record, we cannot discern United's relevant position in *CRS* with sufficient clarity.[1] Even assuming United did advance a national market theory there, it is not obvious from the *CRS* opinion that the district court affirmatively accepted whatever argument United asserted. In short, the *CRS* opinion itself is too thin a reed to support Appellants' judicial estoppel claim.[2]

More significantly, Appellants fail to identify the specific unfair advantage Appellees gained or the unfair detriment Appellants would suffer as a result of United's position in the *CRS* litigation. While judicial estoppel is designed to stop

---

[1]Appellants have not included in this record United's filings in the *CRS* case. These may have identified United's position more clearly.

[2]Appellants ask us to take judicial notice of additional court records which, Appellants argue, show that Appellee Continental also advanced a national market theory in previous litigation. We deny Appellants' First Motion to Take Judicial Notice (ECF. No. 7). *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011); *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985). We deny as moot Appellants' Second and Third Motions to Take Judicial Notice (ECF Nos. 23 & 36).

litigants from "playing fast and loose with the courts," *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1050 (9th Cir. 2004) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)), we cannot automatically assume bad faith each time a litigant's position shifts. In 1988, the airline industry, then adapting to deregulation, was fundamentally different than it is today. The courts must balance a litigant's need to react to economic change against the notions of fair play undergirding the equitable doctrine of judicial estoppel. With this in mind and reviewing for abuse of discretion, we see no reason to disturb the district court's determination that judicial estoppel is inappropriate here.

### *MALANEY I* IS NOT CLEARLY ERRONEOUS

Appellants argue *Malaney I* is clearly erroneous and thus merits reconsideration. We review our previous decision for clear error when deciding whether to depart from the law of the case. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).

Appellants argue *Malaney I*, in affirming the district court's denial of a preliminary injunction, fails to account for the cross-elasticity of supply within the passenger airline industry. *See Equifax, Inc. v. F.T.C.*, 618 F.2d 63, 66 (9th Cir. 1980) (recognizing it is "well settled that cross-elasticity of supply is a valid basis for determining that two commodities should be within the same market"); *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264, 1271 (9th Cir. 1975)

5

(similar). We disagree.

Appellants have not pleaded any specific facts establishing the relevance of supply interchangeability to the product market inquiry in this case. Appellants cobble together bald factual allegations with a citation to out-of-circuit authority to allege the cross-elasticity of supply is relevant to the passenger airline industry.[3] But conclusory allegations unsupported by specific facts fail to state a specific, plausible theory describing how supply interchangeability is relevant to an analysis of the industry.[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Appellants have failed to allege a theory in which supply cross-elasticity is relevant to the product market definition, we cannot say *Malaney I* is clearly erroneous or that the district court clearly erred in adhering to it.

## CONCLUSION

Appellants' minor amendments on remand do not cure the defect identified in *Malaney I.* The district court was correct to adhere to our prior panel's purely legal conclusion in that case and it did not abuse its discretion when it declined to estop Appellees from opposing the national market theory.

**AFFIRMED.**

---

[3]See *United Air Lines v. Civil Aeronautics Board*, 766 F.2d 1107, 1115 (7th Cir. 1985).

[4]Although *Malaney I* notes this problem with Appellants' claim, 434 F. App'x at 621, Appellants failed to amend their complaint on remand to address this omission.