FILED

**NOT FOR PUBLICATION**

DEC 16 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FLOYD CHODOSH; et al.,

        Plaintiffs-Appellants,

v.

JOHN SAUNDERS; et al.,

        Defendants-Appellees.

No. 20-56252

D.C. No.
8:20-cv-01326-CJC-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and DORSEY,[**] District
Judge.

        Plaintiffs-Appellants (Appellants) appeal from the orders denying their

motion to disqualify District Judge Cormac J. Carney and dismissing their claims

asserting Racketeer Influenced and Corrupt Organizations (RICO) violations,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

RICO conspiracy, and unjust enrichment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissals under the *Rooker-Feldman* doctrine de novo.[1] *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We review for abuse of discretion the denial of a motion to recuse. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam). We affirm the district court's ruling in its entirety.

Just as in state court and in a previous federal action,[2] Appellants allege a vast conspiracy among appellees and numerous non-defendant co-conspirators—now including the presiding district court judge, a mediation organization, former California Attorneys General, and many members of the California state judiciary—to deprive them of property. *See Eicherly*, 721 F.App'x. at 626; *see also Chodosh v. Palm Beach Park Ass'n (PBPA)*, No.

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] Appellants brought materially similar claims in 2016, then framed as violations of the Due Process Clause and the Truth in Lending Act (TILA), breach of fiduciary duty, and aiding and abetting of the same, except that the state court judges were named as defendants rather than, as now, co-conspirators but not defendants. *See Eicherly v. Moss*, No. SACV 16-02233-CJC(KESx), 2017 WL 6021426, at *2 (C.D. Cal. Mar. 29, 2017). The district court dismissed that case under *Rooker-Feldman* with prejudice. *See id.* at *3. This Court affirmed that *Rooker-Feldman* barred plaintiffs' federal claims, but remanded for dismissal without prejudice to the claims being "reassert[ed] in a competent court." *Eicherly v. O'Leary*, 721 F.App'x 625, 627 (9th Cir. 2018).

G053798, 2018 WL 6599824, at *11-13 (Cal. Ct. App. Dec. 17, 2018). Appellants seek damages for the actions of the alleged conspiracy although the state appellate court ruled that no conspiracy exists, and for loss of the same property rights that the state courts have repeatedly held Appellants never had. *See Chodosh v. PBPA*, 2018 WL 6599824, at *1, *11-13 & n.22; *see also Chodosh v. Saunders*, No. SACV 20-01326-CJC(KESx), 2020 WL 7020303, at *1-*2 (C.D. Cal. Nov. 5, 2020). And Appellants consistently concede that the causes of their injury were the state courts' allegedly wrongful rulings.

The Appellants' argument that they can nonetheless avail themselves of the extrinsic fraud exception to the *Rooker-Feldman* doctrine because the deciding judges, alleged to be co-conspirators, are not equivalent to the court that made wrongful rulings has no support in Ninth Circuit case law and would significantly expand the extrinsic fraud exception. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), explained that the extrinsic fraud exception applies only when a federal court plaintiff "is alleging a wrongful act by the adverse party" which "prevents a party from presenting his claim in court," not when a plaintiff solely alleges "a legal error by the state court." *Id*. at 1140-41 (citation omitted). But, as explained, Appellants had the opportunity to present their claims in state court, and the basis of Appellants' asserted injury and RICO claim is not a wrongful act by

3

the adverse party but rather the state court's purportedly "wrongful[] adjudicat[ion]" that they were not entitled to damages.

The district court thus properly dismissed Appellants' action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine because it was in part a "de facto appeal" of prior state-court decisions and, to the extent it was not, it raised only claims "inextricably intertwined" with the issues decided in those state-court decisions. *Noel*, 341 F.3d at 1163–65. If "the injury alleged by the federal plaintiff resulted from the state[-]court judgment itself," the case must be dismissed. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 (9th Cir. 2003) (citations omitted); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims, as well as requests for relief "contingent upon a finding that the state court decision was in error" are "inextricably intertwined" with state-court decisions when federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

Appellants also seek to disqualify Judge Carney under 28 U.S.C. §§ 144 and 455. "Section 144 provides a procedure for a party to recuse a judge. Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). Under both statutes, disqualification is appropriate if "a reasonable person with knowledge of all the

4

facts would conclude that the judge's impartiality might reasonably be questioned. . . ." *Id.* (citations and internal quotation marks omitted). Appellants argue that Judge Carney should have been disqualified because he ruled against them in their prior federal case and this Court "reversed" that ruling.[3] But this Court did not "reverse" the district court in the previous action—it affirmed the dismissal and remanded. *See Eicherly*, 721 F. App'x at 627–28. And, regardless, adverse rulings by the district court provide no basis for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). We conclude, therefore, that the district court did not abuse its discretion by denying Appellants' motion to disqualify Judge Carney.

This litigation has dragged on unnecessarily for years and is now perilously close to frivolity. *See Ingle v. Circuit City*, 408 F.3d 592, 595 (9th Cir. 2005) (describing an appeal as frivolous "if the result is obvious or the appellant's arguments are wholly without merit") (citation omitted). Appellants should consider themselves warned that any future filings asserting these meritless claims may result in the imposition of substantial monetary sanctions. *See id*.

---

[3] Appellants' speculation about Judge Carney's finances, personal relationships, or future plans is without any support in the record and is so obviously meritless that we deem it unnecessary to address it.

**AFFIRMED**.[4]

_____

[4]All Requests for Judicial Notice (Docket numbers 31, 50, 52) are DENIED as unnecessary to resolution of this appeal.