NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MORGAN STANLEY HIGH YIELD
SECURITIES, INC.; et al.,

             Plaintiffs-Appellees,

 v.

SWISS LEISURE GROUP AG; JPC
HOLDING AG,

             Defendants-Appellants,

 and

HANS JECKLIN; et al.,

             Defendants.

No. 21-15808

D.C. No.
2:05-cv-01364-RFB-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted April 28, 2022[**]
San Francisco, California

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This case arises from a failed project to develop a resort and casino in Nevada that went bankrupt, giving rise to 20 years of litigation. Plaintiff-Appellees are investment funds that invested in the development of the resort and casino ("Resort") through a Note Purchase Agreement ("NPA"). As the business was failing, Defendant-Appellants entered into the NPA to retire $40 million of the Resort's debt. Appellants breached the NPA and directed the transfer of Resort's assets to themselves instead of the investment funds as required by the NPA.

Appellees sued the Resort for the breach of the NPA in the United States District Court for the Southern District of New York and received a judgment for $38,489,055.93, plus post-judgment interest, costs, and attorney's fees ("SDNY Judgment"). After discovering that Appellants sent the Resort's assets to their personal Swiss accounts, Appellees filed suit in United States District Court for the District of Nevada to hold the Resort's owners individually liable for the SDNY Judgment. After a bench trial, the Nevada district court found Appellants liable as alter egos of the Resort and found that the Resort had engaged in fraudulent transfers of assets ("Nevada Judgment"). The Nevada Judgment directed the Appellants to pay the "full amount of the SDNY Judgment."

After attempts to settle a post-judgment discovery dispute failed, Appellees filed a motion to compel the requested discovery. The Nevada district court granted the motion, giving rise to this appeal.

The Ninth Circuit reviews a district court's imposition of discovery sanctions for an abuse of discretion and "will not reverse absent a definite and firm conviction that the district court made a clear error of judgment." *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975–76 (9th Cir. 2017) (citation omitted). The decision "whether to issue sanctions, or to deny the discovery sought pursuant to such a motion, is within the district court's "'wide discretion in controlling discovery.'" *Id.* (quoting *Jeff. D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011)).

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Ingle v. Cir. City*, 408 F.3d 592, 594 (9th Cir. 2005) (citation and internal quotation marks omitted). "This doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id.* (citation and internal quotation marks omitted). This Court has previously heard and rejected Appellants' arguments in the similar and related appeal in which Hans Jecklin, the appellant in that case, argued: (1) that the district court's order was not specific and definite; (2) that the district court erred in granting the motion to compel; and (3) that the district court failed to provide notice.

Appellants argue that the Nevada district court erred by finding contempt, imposing daily fines, and requiring the payment of attorney's fees because the district court's order was not sufficiently specific and definite. This court has already

3

rejected these arguments. *See Invesco High Yield Fund v. Jecklin*, No. 21-15809, 2021 WL 3778595, at *1 (9th Cir. Aug. 25, 2021) ("[Appellees] satisfied their burden of showing by clear and convincing evidence that [Jecklin] violated a specific and definite order of the court.") (citation and internal quotation marks omitted). The standard for a finding of contempt requires the moving party "show[] by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Next, Appellants argue that the district court erred by granting the motion to compel because the motion to compel failed to comply with Local Rule 26-7(b) and there was no final judgment.

This argument has already been addressed by a Ninth Circuit panel and rejected. In Appellant Jecklin's related case, the sitting panel found that "the district court did not abuse its discretion in granting [Appellees'] motion to compel." *Invesco High Yield Fund*, 2021 WL 3778595 at *2. The prior panel found that the district court properly overlooked "the minor noncompliance with District of Nevada Local Rule 26-7(b)." *Id.*

Third, Appellants argue that they were entitled to but did not receive due process. We previously rejected this argument. *See Invesco High Yield Fund*, 2021 WL 3778595 at *1 ("The district court's finding of contempt did not deny Jecklin

due process.") We found that Appellant Jecklin "received the procedural safeguards of notice and a reasonable time to prepare a defense to which he was entitled." *Id.* (citation and internal quotation marks omitted). Furthermore, we determined that this case "d[id] not involve criminal contempt," which would trigger additional procedures under Federal Rule of Criminal Procedure 42. *Id.* We found that the district court did not need to issue an order to show cause since an evidentiary hearing was not required. *Id*. Therefore, the law of the case doctrine requires that this panel uphold these prior decisions.

Lastly, Appellants argue that the district court imposed excessive sanctions when it awarded Appellees attorney's fees and fined Appellants daily for every day that Appellants refused to comply with the court's order on sanctions. In this instance, the Nevada district court's imposition of the sanctions was proper because Appellants, after nearly twenty years of active litigation, issued an outright refusal to comply with the court's jurisdiction. Moreover, Appellants issued the statement after covertly sending the assets at issue to Switzerland in an effort to avoid United States jurisdiction. After the transfer of funds to Switzerland, Appellants unilaterally decided that they would not comply with post-judgment discovery. The record shows that the Nevada district court's imposition of sanctions was not an abuse of discretion.

**AFFIRMED.**