NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANZ HAAS GMBH SRL,

Petitioner - Appellee,

v.

WINEBOW INC., a Delaware corporation,

Respondent - Appellant.

No. 25-4105

D.C. No.
2:24-cv-10146-JLS-AJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted March 5, 2026
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Winebow Inc. appeals the district court's order confirming a foreign arbitration award in Franz Haas GmbH srl's favor. Under the Federal Arbitration Act (FAA), a district court "*shall confirm the award unless* it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention." 9 U.S.C. § 207 (emphasis added). Article V of the New York

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Convention provides the exclusive grounds on which a court may refuse to confirm a foreign arbitral award, and those "defenses are construed narrowly." United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. V, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 [hereinafter N.Y. Convention]; *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys.*, 665 F.3d 1091, 1095–96 (9th Cir. 2011). But Winebow does not invoke a defense under Article V. Instead, Winebow argues only that confirmation was improper due to an initial minor procedural violation, which was quickly cured and caused no prejudice, and a single, nonmaterial translation error. We have jurisdiction under 9 U.S.C. § 16(a)(1)(D), and we affirm.

1. Winebow first argues that confirmation was barred because Franz Haas's original petition did not include a copy of the parties' arbitration agreement as required by Article IV(1)(b) of the New York Convention. The New York Convention requires a party seeking confirmation of a foreign arbitration award to provide "at the time of the application" the original or a duly certified copy of the arbitration agreement and the award. N.Y. Convention, art. IV(1)(b). Although Franz Haas's initial petition did not attach a copy of the agreement, with leave of the district court, Franz Haas promptly filed a corrected petition attaching a certified copy of the agreement.

There was never any doubt that the parties had agreed to arbitrate: Winebow does not deny that the parties had an arbitration agreement; it contends only that the initial petition failed to attach it. *Cf. Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1024–26 (9th Cir. 2021). And for the brief delay before Franz Haas cured the omission, Winebow identifies no prejudice. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) ("The Convention and its implementing legislation have a pro-enforcement bias."); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

Winebow's argument sounds in the empty formalism that U.S. courts have long rejected. Nothing in the FAA, the New York Convention, or the Federal Rules prohibited the district court from allowing Franz Haas to cure the omission through an amended, operative application. A confirmation petition is treated procedurally as a motion rather than a pleading. *See* 9 U.S.C. § 6 (an application to confirm is made and heard "in the manner provided by law for the making and hearing of motions"); Fed. R. Civ. P. 81(a)(6)(B); *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 825–26 (9th Cir. 2024). Given the latitude under the Federal Rules and the discretion afforded district courts in addressing motions, an amended petition curing the defect was permissible. District courts routinely permit amendments to pleadings when the opposing party would not suffer any prejudice. Fed. R. Civ. P. 15(a); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

3                                                                25-4105

("Absent prejudice, . . . there exists a presumption . . . in favor of granting leave to amend." (emphasis omitted)).  Winebow's contrary argument is baseless.

2. Winebow also contends that the petition failed to satisfy Article IV because the translations of the award and arbitration agreement contained "significant flaws." When, as here, the arbitral award or arbitration agreement is not in the forum's official language, Article IV(2) requires the petitioner to "produce a translation of [the award and arbitration agreement]" that "shall be certified by an official or sworn translator or by a diplomatic or consular agent."  N.Y. Convention art. IV(2). Consistent with Article IV's requirements, Franz Haas's amended petition included a translation of the entire arbitration award, accompanied by a separate signed and notarized declaration from the translator; a certified translation of the parties' agreement to arbitrate; and an uncertified translation of the entire supply contract containing the arbitration agreement.  The translations are easily readable and readily intelligible to any English-speaking reader.

For all its rhetoric, Winebow identifies only one concrete translation error:  a phrase rendered as the "Rules of Arbitrariness" instead of the "Rules of Arbitration." But this single typographical error is obvious and does not meaningfully impair the comprehensibility of the translation.  Winebow also gestures broadly to "unexplained pages and marks in a foreign language" and insists that the award "remains riddled with foreign language words" yet identifies only one non-English

4                                                    25-4105

phrase: "pactum renovandi." That phrase is a Latin term of art that the award itself defines as "a cyclical renewal of the relationship."

Winebow makes no attempt to identify prejudice from the alleged translation defects, nor does it contend that it was unable to read or understand the documents. Winebow's insinuations that a 125-page translation is incomprehensible or that the court would need to become fluent in Italian or Latin because of the scattered use of a defined term of art are frivolous. Sophisticated litigants should know better than to waste the court's or opposing party's resources on spurious arguments.

3. We also deny Winebow's motion to supplement the record. "Save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). This is not such an extraordinary case. Winebow seeks to add two September 2025 emails exchanged between counsel in the separate damages action between the parties. But the purported "admissions" reflected in those emails are already accounted for in the existing record: In one email, Franz Haas's counsel refers to translating the parties' entire supply contract rather than the arbitration clause at issue here, for which Franz Haas provided a complete, certified translation. In the other, Franz Haas's counsel acknowledges the obvious error rendering "rules of arbitration" as "rules of arbitrariness." The emails neither establish anything new nor plausibly show prejudice, and they would not have altered the district court's analysis or the outcome

below. Winebow's attempt to mischaracterize these remarkably mundane exchanges as extraordinary admissions on a "central and controlling fact of the dispute" is frivolous.

Franz Haas has requested that the court award "reasonable fees and costs" incurred in opposing the motion and "reserves the right to seek appropriate sanctions if the Court deems further response necessary." Rule 38 empowers appellate courts to *sua sponte*, or upon a party's motion, award damages, attorneys' fees, and other expenses incurred by an appellee in responding to a frivolous appeal. Fed. R. App. P. 38; *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017). Winebow knew or should have known that its claims were frivolous, and it should bear the cost of this self-indulgent appeal. *See Ingle v. Circuit City*, 408 F.3d 592, 595 (9th Cir. 2005) ("An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." (citation omitted)).

An award of attorneys' fees under Rule 38 for a frivolous appeal may be imposed only "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R. App. P. 38. Franz Haas's request in its opposition to Winebow's motion, by itself, does not constitute adequate notice. *See Gabor v. Frazer,* 78 F.3d 459, 459–60 (9th Cir. 1996) ("[A] request for [Rule 38] sanctions in a party's appellate brief does not provide sufficient notice to the opposing party.").

Accordingly, we order Winebow to show cause in writing, within 14 days after the filing of this memorandum disposition, why the court should not award attorneys' fees to Franz Haas under Rule 38 because Winebow's arguments were frivolous, including why any award of attorneys' fees should not be imposed jointly and severally on Winebow and its counsel, Akin Gump Strauss Hauer & Feld LLP. *See Int'l Union of Bricklayers Loc. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1407 n.8 (9th Cir. 1985) ("When a frivolous appeal is taken, we have the inherent power to impose sanctions upon the appellant and [its] counsel 'jointly and severally, since attorney and client are in the best position between them to determine who caused [the] appeal to be taken.'" (citation omitted)). Franz Haas may file a reply within 14 days after service of Winebow's response.

**AFFIRMED; ORDER TO SHOW CAUSE ISSUED.**